Filed 7/22/26  P. v. Gomez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CARLOS MEJIA GOMEZ,<br><br>    Defendant and Appellant. | B345327<br><br>(Los Angeles County<br>Super. Ct. No.<br>COMTA158622) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kevin Stennis, Judge.  Affirmed.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles V. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Sophia A. Lecky, Deputy Attorney General for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted Carlos Mejia Gomez of assault with intent to commit rape or sexual penetration while committing first degree burglary. (Pen. Code, § 220, subd. (b).)[1] The trial court sentenced Mejia Gomez to life in prison with the possibility of parole. Mejia Gomez argues that substantial evidence did not support the jury's finding he intended to commit rape or sexual penetration. Mejia Gomez also argues the trial court erred in failing to instruct the jury sua sponte on the lesser included offenses of simple assault and burglary with the intent to commit sexual battery, assault, or battery.

We conclude that substantial evidence supported the jury's finding Mejia Gomez intended to commit rape or sexual penetration and that the trial court did not prejudicially err in failing to instruct the jury on any lesser included offenses. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Mejia Gomez Enters Aide O.'s Apartment Through an Open Window and Sexually Assaults Her*

Aide lived in a ground-floor, two-bedroom apartment with her son, Ricardo A., who was 21 years old, and her two younger children, who were 16 and 12 years old. Aide and Ricardo slept on separate couches in the living room, and the younger children slept in the two bedrooms.

On August 8, 2022 Aide went to bed at approximately 10:00 p.m. Ricardo was not home, but returned later in the

---

[1] Statutory references are to the Penal Code.

evening.  The younger children were not in the apartment that night.

Early the next morning Mejia Gomez entered Aide's apartment through an open bedroom window.  Aide woke up and felt a heavy weight pressing against her as she lay on her back.  When she opened her eyes, she saw Mejia Gomez shirtless and on top of her.  Mejia Gomez was pressing his forearm against Aide's neck and touched her vagina over her clothing.  Aide was afraid and "in shock."  As she stirred, Mejia Gomez made a "shushing" motion with his finger.  Mejia Gomez kissed Aide on her mouth and on her vagina over her clothing.  Unable to get Mejia Gomez off her, Aide called out for Ricardo.  Ricardo woke up, helped Aide push Mejia Gomez off her, and forcibly removed him from the apartment.

During Mejia Gomez's interaction with Ricardo, which lasted only a few minutes, Mejia Gomez said he was drunk and had entered through a bedroom window.  Neither Aide nor Ricardo recalled smelling any alcohol on his breath, though Ricardo thought Mejia Gomez may have been drunk.

After Mejia Gomez left the apartment, Aide looked in the bedroom and saw that the bed was unmade and that both windows were open.  Aide recalled the bed was made before she went to sleep that night.  Ricardo found a cellphone in the apartment containing a selfie of Mejia Gomez and a social media account associated with the name "Carlos."  The phone's data history showed Mejia Gomez used the phone to access pornographic websites in the time leading up to his attack on Aide.  Mejia Gomez did not take anything from the apartment.

Aide went to work that morning.  She "started to feel panicky," called her daughter, and told her what had happened.

Her daughter contacted law enforcement, and the police went to Aide's apartment later that day. Aide told the police what happened and gave them the cellphone Ricardo found.

Mejia Gomez returned to Aide's apartment the following evening at 11:30 p.m. He knocked on the living room windows and said, "Hello." Aide told him that she was going to call the police, and he left. Aide testified that during her first encounter with Mejia Gomez, there was a light on in her apartment and she could see him. When he returned the next evening, she could see his face as he stood outside her living room window.

Mejia Gomez testified in his defense. He stated he was not the person who entered Aide's apartment and attacked her on the morning of August 9, 2022 and that he was homeless at the time and did not have a phone. Though Mejia Gomez testified he had several tattoos on his upper body and arms that he received several years prior to 2022, Aide did not recall seeing any tattoos or markings.

B. *The Jury Convicts Mejia Gomez of Assault with Intent To Commit Rape or Sexual Penetration While Committing First Degree Burglary*

The People initially charged Mejia Gomez with three crimes: first degree residential burglary of an inhabited dwelling; assault with intent to commit rape, sodomy, or oral copulation; and assault to commit rape, sodomy, oral copulation, or penetration during the commission of a first degree burglary. (§§ 459, 220, subd. (a)(1), 220, subd. (b).) During trial the court granted the People's motion to dismiss the first two charges.

The trial court instructed the jury on the elements of burglary in connection with the crime of assault with intent to

4

commit rape or sexual penetration while committing a burglary. The court did not instruct the jury on any lesser included offenses.

The jury found Mejia Gomez guilty of assault with intent to commit rape or sexual penetration while committing first degree burglary. The trial court sentenced Mejia Gomez to life in prison with the possibility of parole. Mejia Gomez timely appealed.

## DISCUSSION

A.  *Applicable Law and Standard of Review*

"Any person who, in the commission of a burglary of the first degree, . . . assaults another with intent to commit rape . . . shall be punished by imprisonment in the state prison for life with the possibility of parole." (§ 220, subd. (b); see *People v. Dyser* (2012) 202 Cal.App.4th 1015, 1020.) "Burglary is committed when a person enters a structure with the intent to commit a felony or theft." (*People v. Myles* (2023) 89 Cal.App.5th 711, 729; see § 459; *People v. Holt* (1997) 15 Cal.4th 619, 669.) "One may be liable for burglary upon entry with the requisite intent, regardless of whether the felony or theft actually committed is different from that originally contemplated, or whether any felony or theft actually is committed." (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 540; see *People v. Lawrence* (2000) 24 Cal.4th 219, 232; *People v. Bard* (1968) 70 Cal.2d 3, 5.)

"'"The crime of assault with intent to commit rape is established when the prosecution proves that the defendant *intended* to have sexual intercourse with his victim and to use force to overcome her resistance."'" (*People v. Cook* (2017)

5

8 Cal.App.5th 309, 315.)  Though assault with intent to commit rape often involves using force on the victim, the use of force is not an element of the offense.  (*Id.* at 313.)  "An assault is an unlawful *attempt*, coupled with a present *ability*, to inflict a violent injury on a person (§ 240), and unlike a battery, . . . it does not require contact with the victim."  (*Id.* at p. 315.)

"'When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'"  (*People v. Hin* (2025) 17 Cal.5th 401, 451.)  "Mental state and intent are rarely susceptible of direct proof and must therefore be proven circumstantially."  (*People v. Thomas* (2011) 52 Cal.4th 336, 355; see *People v. Nguyen* (2015) 61 Cal.4th 1015, 1055 ["'Evidence of a defendant's state of mind is almost inevitably circumstantial, but circumstantial evidence is as sufficient as direct evidence to support a conviction.'"])

> B.     *Substantial Evidence Supported the Jury's Finding Mejia Gomez Intended To Rape or Sexually Penetrate Aide*

Mejia Gomez argues substantial evidence did not support his conviction for assault with the intent to rape or sexually penetrate Aide because his conduct was "inconsistent with an intent to rape or sexually penetrate."  Substantial evidence, however, supported the jury's finding on that element of the crime.

Mejia Gomez entered Aide's apartment through a bedroom window, climbed on top of her while she slept, placed his hand on

6

her neck, and held her down on the living room couch.  He kissed her mouth and her vagina over her clothing.  The evidence of these actions supported the jury's finding Mejia Gomez intended, as he immobilized Aide with force, to use his hands as they hovered over her vagina to sexually penetrate her or force her to have sex with him.  (See *People v. Bard, supra*, 70 Cal.2d at p. 4 [substantial evidence supported the defendant's conviction for assault with intent to commit rape where the defendant entered an apartment through a window, climbed in bed with a sleeping woman, fondled her "private parts," and left after the woman woke up and told him to leave]; *People v. Cook, supra*, 8 Cal.App.5th at p. 315 [""[t]he crime of assault with intent to commit rape is established when the prosecution proves that the defendant *intended* to have sexual intercourse with his victim and to use force to overcome her resistance,"" not by proving the defendant committed certain physical acts].)

Mejia Gomez argues substantial evidence did not support his conviction because he never tried to remove Aide's clothes or took off any of his.  Mejia Gomez, however, was half undressed when he attacked Aide.  And, though Aide remained dressed during the incident, the jury could reasonably infer Mejia Gomez intended to commit rape because he remained on top of her, with his full body, in prime position to commit sexual intercourse. (See *People v. Meichtry* (1951) 37 Cal.2d 385, 389 [substantial evidence supported the defendant's conviction for assault with the intent to commit rape, even though "there was no testimony that he was exposed so as to be able to complete the act"]; see also *People v. Scott* (2011) 52 Cal.4th 452, 488 ["Attempted rape . . . does not require penetration."].)

7

Mejia Gomez also argues that "the evidence supports only an inference of lewdness or an intent to seduce, not an intent to rape," and that "the absence of any force or threat of force negates the specific intent requirement." The argument is based on a false premise: that he "displayed no force whatsoever." After entering the apartment through the bedroom window, Mejia Gomez climbed on top of Aide while she slept on her back, held her down by putting his forearm on her neck, and touched her vagina over her clothes. When she woke up and struggled to get him off her, he threatened her by making a "shushing" motion with his finger, remained on top of her, and kissed her mouth and vagina over her clothing. Aide could not push Mejia Gomez away. Ricardo saw Mejia Gomez holding onto Aide, and it took force from Ricardo to finally get Mejia Gomez off her. The jury reasonably inferred from this evidence Mejia Gomez intended to commit rape or sexual penetration. (See *People v. Craig* (1994) 25 Cal.App.4th 1593, 1604 ["While other reasonable inferences also might be drawn, it was for the jury, not us, to draw them."].)

C.   *The Trial Court Did Not Prejudicially Err in Failing To Instruct on Any Lesser Included Offenses*

A trial court has a sua sponte obligation to instruct the jury on an offense that is necessarily included in a charged offense if there is substantial evidence that the defendant committed only the lesser offense. (*People v. Shockley* (2013) 58 Cal.4th 400, 403; *People v. Smith* (2013) 57 Cal.4th 232, 239-240; see *People v. Brothers* (2015) 236 Cal.App.4th 24, 29 [a "trial court has a duty to instruct the jury sua sponte on all lesser included offenses if there is substantial evidence from which a jury can reasonably conclude the defendant committed the lesser, uncharged offense,

8

but not the greater"]; cf. *People v. Cunningham* (2001) 25 Cal.4th 926, 1008 ["a trial judge has no duty to instruct on any lesser offense *unless* there is substantial evidence to support such instruction"].)

"A trial court must instruct a jury on lesser included offenses when the evidence raises questions regarding whether every element of a charged offense is present. [Citation.] No instruction on lesser included offenses is required if there is no evidence that there was any offense less than that charged. Instructing the jury on a lesser included offense is not required when the evidence supporting such an instruction is weak, but ""whenever evidence that the defendant is guilty only of the lesser offense is "substantial enough to merit consideration" by the jury,"" such an instruction is required. [Citation.] Whether the evidence is substantial is tested by considering whether a jury would conclude the lesser but not the greater offense was committed." (*People v. Vargas* (2020) 9 Cal.5th 793, 827.) "On appeal, we independently review whether a trial court erroneously failed to instruct on a lesser included offense." (*People v. Trujeque* (2015) 61 Cal.4th 227, 271.)

Mejia Gomez argues the trial court erred in failing to instruct the jury on the lesser included offenses of simple assault and burglary where the intent was to commit sexual battery or "some other crime such as simple assault or battery, which would not result in a burglary at all." The People concede residential burglary and assault are lesser included offenses of assault with intent to commit rape or sexual penetration while committing first degree burglary. (See *People v. Dyser*, *supra*, 202 Cal.App.4th at p. 1020 [residential burglary is a lesser included offense of assault with intent to commit rape during the

9

commission of a burglary]; *People v. Elam* (2001) 91 Cal.App.4th 298, 308 [assault is a lesser included offense of assault with intent to commit rape or sexual penetration while committing a residential burglary]; *People v. Jennings* (2000) 81 Cal.App.4th 1301, 1308 [same].)[2]  The trial court did not err.

Although "'the court must instruct *on [an] alternate theory* even *if it is inconsistent with the defense elected by the defendant*'" (*People v. Breverman* (1998) 19 Cal.4th 142, 157, disapproved on another ground in *People v. Schuller* (2023) 15 Cal.5th 237, 260, fn. 7; accord, *People v. Chestra* (2017) 9 Cal.App.5th 1116, 1121; *People v. Sinclair* (1998) 64 Cal.App.4th 1012, 1017), "when a defendant completely denies complicity in the charged crime, there is no error in failing to instruct on a lesser included

---

[2]      Assault to commit rape is also a lesser included offense of assault to commit rape while committing first degree burglary (*People v. Dyser*, *supra*, 202 Cal.App.4th at pp. 1017, 1021), but Mejia Gomez does not argue the trial court erred in failing to instruct on that crime.  Attempted sexual battery and sexual battery, however, are not lesser included offenses of assault with intent to commit rape because the elements of these offenses require a different intent.  (See *People v. Dixon* (1999) 75 Cal.App.4th 935, 943 ["an assault with intent to commit rape may be committed without a finding that the defendant harbored the purpose required by the sexual battery statute"].)  Nor is sexual battery a lesser included offense of forcible sexual penetration.  (See *People v. Ortega* (2015) 240 Cal.App.4th 956, 966 ["Sexual battery is . . . not a lesser included offense of forcible sexual penetration under the statutory elements test."].)  Though Mejia Gomez does not cite any authority that burglary with the intent to commit sexual battery is a lesser included offense of assault with the intent to commit rape or sexual penetration while committing burglary, we assume without deciding that it is.

offense*.*" (*People v. Gutierrez* (2003) 112 Cal.App.4th 704, 709; see *Sinclair*, at pp. 1021-1022 ["the duty to instruct on inconsistent defenses does not extend to cases . . . where the sworn testimony of the accused completely obviates any basis for finding a lesser included offense"]; see also *Chestra*, at p. 1123 [where the evidence is "such that defendant was either guilty of" the charged offense "or not guilty of any offense," the failure to instruct on a lesser included offense is not error]; *People v. Trimble* (1993) 16 Cal.App.4th 1255, 1260 ["Where a defendant 'denies any complicity in the crime charged, and thus lays no foundation for any verdict intermediate between "not guilty" and "guilty as charged" . . . [¶] . . . it is error to so instruct [on the lesser offense] because to do so would violate the fundamental rule that instructions must be pertinent to the evidence in the case at bar.'"].)

As discussed, Mejia Gomez denied that he ever went to or into Aide's apartment, that he had a phone, that he accessed pornographic websites, or that he touched Aide at all, in a sexual way or otherwise. Mejia Gomez stated he had never seen Aide or Ricardo. In light of Mejia Gomez's testimony disavowing he was in Aide's home, none of the evidence suggesting a lesser intent when he entered Aide's home would be evidence a reasonable jury would find persuasive. (See *People v. Chestra, supra,* 9 Cal.App.5th at p. 1123 ["Defendant's trial testimony would not permit a jury composed of reasonable persons to conclude he was guilty of voluntary manslaughter but not murder, nor would his confession to the detectives, which was plainly inconsistent with his trial testimony and provided no support for a lesser included offense verdict on the murder charge."]; *People v. Sinclair, supra,* 64 Cal.App.4th at pp. 1021-1022 ["When defendant denied he

11

shot the decedent, none of the alleged evidence of heat of passion and imperfect self-defense was of the type 'that a reasonable jury could find persuasive.'"].)

Moreover, there was no evidence, let alone substantial evidence, Mejia Gomez intended merely to assault or batter Aide. All of Mejia Gomez's physical contact with Aide was sexual. Mejia Gomez did not hit Aide in the head, push her to the ground, or use force in an indiscriminate or non-sexual way. He kissed her and touched and kissed her vaginal area while pinning her down against her will and silenced her when she tried to move. No reasonable juror would have concluded Mejia Gomez intended to commit simple assault or battery instead of a sexual offense. (See *People v. Leal* (2009) 180 Cal.App.4th 782, 792 [trial court did not err in failing to instruct on assault as a lesser included offense of assault with intent to commit rape where the defendant "broke into his victim's home in the middle of the night, crept into her bedroom, and digitally penetrated her vagina as she slept" because "no reasonable juror could have found that he was guilty of simple assault but not guilty of assault with intent to commit either rape or another sexual offense"]; see also *People v. Wilson* (1992) 3 Cal.4th 926, 941-942 [where "there was no evidence to support the theory that the underlying offense, if committed by defendant, was other than robbery," the trial court did not err in failing to instruct on theft].)[3]

_____

[3]    For the same reason the court did not err in failing to instruct on burglary with the target offense of simple assault or simple battery, the trial court did not err in failing to instruct the jury on simple assault. Substantial evidence did not support an instruction on simple assault because Mejia Gomez's entire

Whether substantial evidence supported an instruction on burglary with the intent to commit sexual battery is a closer call. Section 243.4, subdivision (a), provides: "Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery." (See *People v. Ortega* (2015) 240 Cal.App.4th 956, 966.) Before Ricardo pulled him off Aide, Mejia Gomez managed only to kiss and grope Aide through her clothing, which arguably could support a finding he intended only to commit sexual battery when he entered Aide's home.

Any error in failing to instruct on the offense of burglary with the target offense of sexual battery, however, was harmless. "The failure to instruct on lesser included offenses supported by substantial evidence [is] state law error," and the defendant "must show that a different result was reasonably probable under the *Watson* standard."[4] (*People v. Gonzalez* (2018) 5 Cal.5th 186, 196, 201; accord, *People v. Perez-Robles* (2023) 95 Cal.App.5th 222, 235.) Contrary to Mejia Gomez's assertion, the "hotly contested" issue in the trial was not his felonious intent when he entered Aide's home and assaulted her. Rather, Mejia Gomez maintained this case was one of mistaken identity. The jury's choice was to believe Aide—that she awoke to find Mejia Gomez attempting to rape or penetrate her—or to believe Mejia Gomez— that he was not even there; there was no middle ground. Mejia

---

course of conduct in Aide's home indicated he intended to commit a sexual crime.

[4]     *People v. Watson* (1956) 46 Cal.2d 818, 836.

Gomez never argued he committed a lesser offense. Mejia Gomez's use of force throughout the encounter was uncontroverted; Aide could not get him off her, and she lay in fear until Ricardo was able to get him off her. It was not reasonably probable that, had the trial court given an instruction on burglary as a lesser included offense, the jury would have found Mejia Gomez intended to commit sexual battery but not rape or sexual penetration when he entered Aide's home.

## DISPOSITION

The judgment is affirmed.

SEGAL, J.

We concur:


MARTINEZ, P. J.



FEUER, J.

14